IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Robert W. Stephenson** ) | |
| Plaintiff ) | |
| ) | |
| **v.** ) | Civil Action No.: 1:15-cv-1409 (TSE/TCB) |
| ) | |
| **Kenneth Nassif,** *et al*. ) | |
| Defendants ) | |

# DEFENDANTS' OPPOSITION TO
# PLAINTIFF'S MOTION TO REMAND

**Table of Contents**

I. Introduction and Summary ........................................................................................... 3

II. Legal Argument ............................................................................................................ 5

    a. "Federal Officer" Jurisdiction under 28 U.S.C. § 1442(a)(1)
       Applies to this Case. ...................................................................................................5

    b. 28 U.S.C. § 1442(a)(1) is an Exception to the Well-Pleaded
       Complaint Rule. ..........................................................................................................5

    c. Defendants Satisfy the Supreme Court's Three-Part Test
       for Federal Officer Jurisdiction under *Mesa v. California*. ..................................6

      i. Defendants Acted under Direction of a Federal Officer. ................................. 7

      ii. A Causal Nexus Exists between Defendants'
         Federally-Privileged Actions and Plaintiff's Claims. ........................................8

         1. Plaintiff Demanded a Salary Increase and then Immediately
            Resigned when his Demand was Refused. ..................................................9

         2. The CryptoWall 2.0 "Ransomware" Virus was Introduced to
            the Computer Network through the Plaintiff's Computer
            Minutes after the Plaintiff's Salary Demand was Refused.........................10

         3. Defendants Reported the Ransom to the U.S. Government. ......................12

         4. All of Plaintiff's Defamation and Other Claims are based
            upon the Defendants' Report to the U.S. Government...............................13

      iii. Defendants are Entitled to the Federal Immunity Defense......................... 13

    d. This Court has Ancillary and Federal Question Jurisdiction
       over the Counterclaim. ..............................................................................................16

III. Conclusion .................................................................................................................. 17

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Kenneth Nassif ("Nassif") and Alliance Consulting Group International, LLC ("Alliance Consulting") submit this Opposition to Plaintiff Robert W. Stephenson's ("Plaintiff" or "Stephenson") Motion to Remand the Case and Remove the Counterclaim to State Court (ECF No. 17) (the "Motion to Remand").

## I. Introduction and Summary

Defendant Alliance Consulting, a small consulting company that performs classified work for the Department of Defense ("DoD") and other federal government entities, maintains a secure facility in Alexandria. Nassif, the Managing Member for Alliance Consulting, serves as the Facilities Security Officer ("FSO") for the company pursuant to DoD's National Industrial Security Program Operating Manual. *See* DoD 5220.22-M at § 1-201 (Feb. 28, 2006) (the "NISPOM").[1]

Plaintiff is a former employee of Alliance Consulting, who after being sponsored by the company for a national security clearance, suddenly resigned after his demand for a salary increase was refused. In the minutes after Plaintiff's resignation, a computer virus was introduced into Alliance Consulting's network through Plaintiff's computer. This virus locked and encrypted thousands of files on the network, and the virus demanded that a ransom be paid in return for digital keys to unlock the encryption. Alliance Consulting paid the ransom by purchasing digital "Bitcoins." Nassif then, as part of his duties as FSO, reported this event to the U.S. Government by contacting the Defense Security Service (a component agency of DoD) and submitting an Adverse Information Report to DoD through the Joint Personnel Adjudication

---

[1] The NISPOM is published by the DoD and is publically available at http://www.dss.mil/documents/odaa/nispom2006-5220.pdf [last accessed: Dec. 2, 2015]. Relevant excerpts of the NISPOM are attached hereto as Exhibit A.

System ("JPAS"), which is an electronic personnel database hosted by DoD. Alliance Consulting also reported this event to the Alexandria City Police Department.

Plaintiff, the former employee, now sues Alliance Consulting and Nassif personally for Defamation and other claims based upon the submission of the Adverse Information Report. Plaintiff initially filed his six-count Complaint in the Circuit Court for the City of Alexandria. On October 28, 2015, Defendants timely removed the case to federal court. In their Notice of Removal, the Defendants cited 28 USC § 1442(a)(1) as the basis for federal jurisdiction (*see* Notice of Removal, ¶ 4 (ECF No.1)) and asserted the federal defense that the report to the U.S. Government is absolutely privileged. *Id.* at ¶ 3. Plaintiff has now moved this Court to remand the case back to the Circuit Court of the City of Alexandria.

The issue for the Court is whether Defendants, when filing an Adverse Information Report pursuant to the mandatory reporting requirements of Section 1-302 of the NISPOM, satisfy the criteria for removal of Plaintiff's defamation claims tied to the Report. In *Mesa v. California,* 489 U.S. 121 (1989), the U.S. Supreme Court set forth the criteria for removal pursuant to 28 U.S.C. § 1442(a)(1). The Court required that a party seeking removal establish: (1) that it acted under the direction of a federal officer; (2) that there exists a colorable federal defense to the plaintiff's claims; and (3) that there exists a causal nexus between the plaintiff's claims and the acts performed by the defendant under the authority of a federal officer or agency. *Mesa,* 489 U.S. at 124-25, 129-34. *See also McCormick v. C.E. Thurston & Sons, Inc.*, 977 F.Supp. 400, 403 (E.D.Va.1997). As shown below, the Defendants satisfy the three-part *Mesa* test. Therefore, the Defendants' removal to this Court was proper, and Plaintiff's Motion to Remand should be denied.

## II. Legal Argument

### a. "Federal Officer" Jurisdiction under 28 U.S.C. § 1442(a)(1) Applies to this Case.

This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1442(a)(1), which says:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (*or any person acting under that officer*) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1) (West. 2015) (emphasis added).

As will be shown below, the Defendants acted 1) pursuant to the direction of a federal officer, and 2) pursuant to DoD regulations when they submitted the Adverse Information Report to DoD. This report forms the basis of all claims in the Plaintiff's Complaint. Therefore, the Defendants are entitled to invoke § 1442(a)(1) and remove the case to this Court.

### b. 28 U.S.C. § 1442(a)(1) is an Exception to the Well-Pleaded Complaint Rule.

The main thrust of Plaintiff's argument appears premised on the well-pleaded complaint rule, specifically the contention that Defendants' raising of a colorable federal defense is insufficient to trigger jurisdiction in this Court. *See* Plaintiff's Memorandum in Support of Plaintiff's Motion to Remand the Case and Remand and Remove the Counterclaim to State Court, at 2-4 (the "Memo. in Support") (ECF No. 18). Plaintiff is mistaken because § 1442(a)(1) is an exception to the well-pleaded complaint rule. According to the U.S. Supreme Court:

Section 1442(a) is an exception to the "well-pleaded complaint" rule under which (absent diversity) a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law. The federal officer removal statute allows suits against federal officers [to] be removed despite the nonfederal cast of the complaint, and reflects a congressional

> policy that federal officers and indeed the Federal Government itself, require the protection of a federal forum. An officer's federal defense need be only colorable to assure the federal court that it has jurisdiction to adjudicate the case.

*Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n. 12 (2006) (internal quotation marks and citations omitted). *See also Rodas v. Seidlin*, 656 F.3d 610, 618 (7th Cir. 2011) ("The Supreme Court has often stated that the policy behind the federal removal statute—ensuring that federal defenses raised by federal actors are evaluated in a federal forum—"should not be frustrated by a narrow, grudging interpretation" of the provision." (*quoting Willingham v. Morgan*, 395 U.S. 402, 407 (1969)); *Epperson v. Northrop Grumman Sys. Corp.*, No. 4:05-cv-2953, 2006 WL 90070, at *2 n. 2 (E.D. Va. Jan. 11, 2006) ("It appears that defendants are correct that the federal officer removal statute, 28 U.S.C. § 1442(a)(1), should be broadly construed; for example, a defendant need only assert a 'colorable' federal defense to establish removal jurisdiction.").

Thus, Plaintiff's reliance upon the general well-pleaded complaint rule is mistaken in this instance. Instead, because the Defendants acted under the direction of a federal officer and federal regulations, and because the Defendants can assert a colorable federal defense to Plaintiff's claims (as will be shown below), this case was properly removed to this Court under § 1442(a)(1).

### c. Defendants Satisfy the Supreme Court's Three-Part Test for Federal Officer Jurisdiction under *Mesa v. California*.

In *Mesa v. California*, 489 U.S. at 124-25, 129-34, the U.S. Supreme Court established a three-part test to determine if a case may be removed to federal court under § 1442(a)(1). The Eastern District of Virginia recently formulated the *Mesa* test this way:

> (1) that [the party seeking removal] acted under the direction of a federal officer;
> (2) that there exists a colorable federal defense to the plaintiff's claims; and
> (3) that there exists a causal nexus between the plaintiff's claims and the acts performed by the defendant under the authority of a federal officer or agency.

*Epperson v. Northrop Grumman Sys. Corp.*, No. 4:05-cv-2953, 2006 WL 90070, at *2 (E.D. Va. Jan. 11, 2006) (*citing Mesa*, 489 U.S. at 124-25, 129-34). The Defendants satisfy all three parts of the *Mesa* test, as shown below.

### i. Defendants Acted under Direction of a Federal Officer.

When the Defendants submitted the Adverse Information Report to DoD, they did so as required by DoD regulations *and* at the direction of the Defense Security Service. It is well-settled that private parties that "act[] under" the authority of a federal officer or pursuant to federal regulations may remove cases to federal court under § 1442(a)(1). *See, e.g.*, *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012) ("'Acting under' covers situations, like this one, where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete.").

The DoD regulations that required the Defendants' submission of the Adverse Information Report are extensive and are set forth in DoD's NISPOM. Section 1-302 of the NISPOM requires contractors that become aware of "adverse information" regarding any "cleared employees" to report to DoD:

> **a. Adverse Information.** Contractors shall report adverse information coming to their attention concerning any of their cleared employees. Reports based on rumor or innuendo should not be made. The subsequent termination of employment of an employee does not obviate the requirement to submit this report.

NISPOM § 1-302(a). A contractor has *no* discretion whether to report adverse information. Rather, under § 1-302, a contractor "shall report adverse information coming to their attention concerning any of their cleared employees." *Id.* Thus, the Defendants had no choice but to report the adverse information they had in their possession regarding the Plaintiff to DoD. This action was mandated by DoD's regulations.

In addition to complying with NISPOM § 1-302, the Defendants were instructed in a telephone call with an official from the Defense Security Service to file the Adverse Information Report.  Attached hereto as Exhibit B is an email to the Defendants from Brian Linnane of the Defense Security Service dated October 24, 2014.  In that email, Mr. Linnane confirmed that the Defendants had properly filed the initial Adverse Information Report and directed the Defendants to submit an updated Adverse Information Reports after the recovery of the data:

> I briefed my field office chief, Lisa Savoy, on our phone call.  She concurred with the actions you've taken thus far and agrees that once you've conducted the remaining forensic recovery process, an updated adverse information report should be submitted via JPAS.  Once you've updated and submitted your report we ask that you send us a copy for dissemination within DSS.  Due to the nature of this incident, we need to share the report with our local CI Special Agents but also with other interested parties in DSS that will need to be briefed if the DoD CAF contacts them.

Email from Brian Linnane, Defense Security Service, to Kenneth Nassif, Alliance Consulting Group (Oct. 24, 2014) (Exhibit B).

Thus, because the Defendants "act[ed] under" the authority of a federal officer and pursuant to DoD's regulations, they may remove this case to federal court under § 1442(a)(1).

### ii. A Causal Nexus Exists between Defendants' Federally-Privileged Actions and Plaintiff's Claims.

The next part of the *Mesa* test focuses on the causal nexus between the Defendants' actions that were performed under the direction of a federal officer and the Plaintiff's claims. All of Plaintiff's claims are based (at least in part) upon the Defendants' submission of the Adverse Information Report to DoD.  To fully set forth the causal nexus, the material facts of this case are described below.

### 1. Plaintiff Demanded a Salary Increase and then Immediately Resigned when his Demand was Refused.

Plaintiff worked for Defendant Alliance Consulting as an employee with a security clearance. *See* Declaration of Kenneth Nassif, ¶¶ 4-5 (Nov. 17, 2015) (attached as Exhibit 1 to Defendants' Memorandum in Support of their Rule 12(b)(6) Motion to Dismiss All Claims (ECF No. 13-1) and incorporated by reference herein) ("Nassif Dec."). On Friday morning, October 17, 2014 at 8:55 a.m., Plaintiff Stephenson stepped into Defendant Nassif's office, declared that he had a better employment offer from another company, Synchron, LLC, and that he was going to accept that offer. Nassif Dec. ¶ 7. At the time, Stephenson claimed that if Alliance Consulting would immediately increase his salary, then Stephenson would stay.[2] *See* Complaint, ¶ 10; Nassif Dec. ¶ 7. Stephenson had worked for Alliance Consulting for only six months and two weeks at this point. *See* Complaint, ¶ 6.

Nassif rejected Stephenson's demand for an immediate salary increase. Nassif Dec. ¶ 8. Stephenson then stated that he was resigning and Nassif directed Stephenson to prepare a written resignation. *See* Complaint, ¶ 10; Nassif Dec. ¶ 8. Back in his office, Stephenson prepared a resignation letter, and then he returned to Nassif's office where they both signed the letter. *See* Nassif Dec. ¶¶ 9-10. Nassif walked with Stephenson back to his office and waited while Stephenson packed his personal belongings. *Id.* at ¶ 10. Nassif escorted Stephenson from the building and locked Stephenson's office. *Id.* Nassif then left for scheduled out-of-office meetings. *Id.*

---

[2] This statement is of doubtful veracity, however, because Stephenson apparently accepted the Synchron offer the previous day. *See* Complaint, Ex. B (Stephenson's signature of acceptance on Synchron offer letter is dated the day before: "10/16/2014").

### 2. The CryptoWall 2.0 "Ransomware" Virus was Introduced through the Plaintiff's Computer Minutes after the Plaintiff's Salary Demand was Refused.

After arriving at work on Monday morning, October 20, 2014, Nassif checked the Stephenson computer system. A CryptoWall 2.0 warning displayed on the screen.[3] Nassif Dec. ¶ 13. The software virus had infected the system and had encrypted the programs and data. *See id.* at ¶¶ 13-16. An electronic ransom note displayed on the screen; the system, its programs, data, and work product were encrypted. *Id.*

Alliance Consulting paid the demanded $500 ransom by purchasing Bitcoins and sending them via TOR (the anonymous web browser) to a generic email address. *Id.* at ¶ 18. Decryption instructions were returned, and Alliance Consulting was able to recover some, but not all, of the programs and data. *Id.*

---

[3] CryptoWall 2.0 is an example of digital "malware" or "ransomware," which "encrypts the contents of computing devices so hackers can demand a ransom to decrypt it." Nicole Perlroth, *Days after a Federal Seizure, Another Type of Ransomware Gains Ground*, N.Y. Times, June 5, 2014, http://bits.blogs.nytimes.com/2014/06/05/days-after-a-federal-seizure-another-type-of-ransomware-gains-ground/

The Timeline of Events below is based on the computer records available at the time.[4]



The only person to use Stephenson's computer on October 17, 2014, was Stephenson himself. Nassif Dec. ¶ 19. In fact, Stephenson was the *only employee* of Alliance Consulting (other than Nassif) at the time. Examining the Timeline, Nassif concluded that Stephenson,

---

[4] This Timeline of Events is identical to the Timeline of Events set forth in Paragraph 6 of the Nassif Declaration (ECF No. 13-1).

angry at Nassif and Alliance Consulting and knowing that he was leaving the company, introduced the CryptoWall 2.0 virus to the computer network.

### 3. Defendants Reported the Ransom to the U.S. Government.

The introduction of a virus to a computer is a violation of the Computer Fraud and Abuse Act, 18 USC § 1030 *et seq.*, and the Virginia Computer Crimes Act, Va. Code § 18.2-152.4. Following the mandate of NISPOM § 1-302, Defendants reported the event to DoD in an Adverse Information Report. Plaintiff's Complaint, at ¶ 17, quotes from the October 20, 2014, Adverse Information Report that Nassif made to DoD:

> Robert Stephenson (with a Secret clearance) resigned from Alliance Consulting Group on Friday Oct 17 at 8:45 AM; he then went to his office for 5 minutes unattended at 9:00 AM. He was escorted out the building by 9:45 AM and his office was locked and no [sic] one had access to Robert's computer accept [sic] myself.

Complaint, ¶ 17. The Adverse Information Report then moves to the critical point:

> It appears that during the 5 minutes unsupervised, Robert downloaded a Ransom Trojan Virus, RS-2048 CryptoWall 2.0 onto the company computer system.

*Id.* Next, the Adverse Information Report identifies the damage and the ransom demand: "The computer is now unusable and the ransom requests $500 to remove this virus." *Id.*

After the Adverse Information Report registered on the JPAS database, a "red flag" appeared (*i.e.*, the individual's name appears in red on the database) on Stephenson's record. Authorized regular JPAS users then could see only the red flag but did not have access to the Adverse Information Report.

### 4. All of Plaintiff's Defamation and Other Claims are based upon the Defendants' Report to the U.S. Government.

Each of the six counts in Plaintiff's Complaint is based (at least in part) upon the Defendants' submission of the Adverse Information Report to DoD. Below is a list of specific paragraphs in the Complaint that tie each count to the Report:

| Count | Complaint |
|---|---|
| Count I (Slander, Libel and Defamation, including Defamation Per Se) | ¶ 30 |
| Count II (Tortious Interference) | ¶ 41 |
| Count III (Negligent Misrepresentation) | ¶¶ 46-47 |
| Count IV (Negligence) | ¶¶ 52-54 |
| Count V (Breach of Covenant of Good Faith and Fair Dealing) | ¶ 58 |
| Count VI (Intentional or Negligent Infliction of Emotional Distress) | ¶ 62 |

Plaintiff's claim for damages appears to be based upon the loss of a subsequent job due to the Adverse Information Report. Plaintiff claims the red flag precluded his obtaining a national security clearance in early 2015, and this caused his subsequent employer, Synchron LLC, to end his employment in March 2015. *See* Complaint ¶¶ 23, 26. Plaintiff further claims that in June, 2015, a prospective employer, OGSystems LLC, conditioned an employment offer on Stephenson obtaining a security clearance, but because of the presence of the red flag, the employer later withdrew the offer. *See* Complaint ¶ 24, and Exhibit G to the Complaint.

Thus, there is a clear factual nexus between the actions taken by the Defendants in submitting the Adverse Information Report (pursuant to DoD regulations and instructions from federal officers at the Defense Security Service) and each count of the Plaintiff's Complaint.

### iii. Defendants are Entitled to the Federal Immunity Defense.

Part Three of the *Mesa* test requires Defendants' averment of a "colorable federal defense." As Defendants first stated in their Notice of Removal filed in this Court, the

Defendants' filing of the Adverse Information Report in October 2014 was absolutely privileged, as a matter of law.  *See* Notice of Removal, ¶ 3 (ECF No. 1).

The Defendants are entitled to federal immunity against all of Plaintiff's claims that arise out of the filing of the Adverse Information Report.  This is demonstrated by a remarkably similar case decided by the U.S. Court of Appeals for the Fourth Circuit in 1967 that held that a government contractor was absolutely immune from defamation liability related to a security report made to the DoD about two former employees.  In *Becker v. Philco Corp.*, 372 F.2d 771 (4th Cir. 1967), two former employees sued their former employer, Philco Corp., for alleged defamation of them in a report regarding the safekeeping of classified information.  *See id.* at 772-73.  Judge Oren R. Lewis of the Eastern District of Virginia granted summary judgment to Philco Corp., and in an opinion written by Judge Albert V. Bryan, the Fourth Circuit affirmed. *Id.* at 772.

The facts of *Becker* are similar to the case at bar.  In 1962, Philco Corp. reported to DoD that the plaintiffs were suspected of mishandling classified information, and the resulting investigation suspended the plaintiffs' security clearances, causing them to lose their jobs.  *See id.* at 772.  The Fourth Circuit noted that Philco Corp. was subject to the DoD's Industrial Security Manual, which set forth regulations for safeguarding classified information.  *See id.* at 772.  Part of these regulations contained the "covenant of the contractor to keep the Government advised of every proven or even suspected compromise of confidence."  *Id.*  Similar to today's NISPOM, the Fourth Circuit noted in *Becker* the mandatory nature of security reporting:  "To be predominantly emphasized here is that the contract embraces reports by Philco to the Government not only of actual but of each suspected compromise of classified information.

Equally important, the company has no discretion and is mandatorily ordered to report the suspicion immediately." *Id.* at 773-74.

In *Becker*, the Fourth Circuit clearly stated that "an action for libel will not lie in the circumstances against a private party fulfilling its governmentally imposed duty to inform." *Id.* at 776. The Fourth Circuit held that Philco Corp. stood in the shoes of a federal officer for purposes of immunity:

> The logic of this thesis, we think, endues Philco with the attributes of a Federal agency in the problem of this controversy . . . Closely performing his duties and charged with equal responsibility and loyalty, we think the company and its trusted personnel were imbued with the official's character, and partake of his immunity to liability, whenever and wherever he would enjoy the privilege.

*Id.* at 774. The *Becker* Court noted that absolute immunity in these circumstances was well-settled, stating that "an utterance plainly commanded by the duties of the author to the Government has been repeatedly recognized as unconditionally privileged." *Id.* at 775.

*Becker* is clearly on point. Tellingly, the DoD cites the *Becker* decision – in the current NISPOM – for the proposition that "a contractor is not liable for defamation of an employee because of reports made to the Government under the requirements of this Manual and its previous versions." NISPOM, § 1-302(a) (see "NOTE" in Figure 1).

Moreover, the Fourth Circuit's *Becker* decision is still good law. *See*, *e.g.*, *Bridge Tech. Corp. v. Kenjya Group, Inc.* 65 Va. Cir.

> **1-302 Reports to be Submitted to the CSA**
>
> a. **Adverse Information.** Contractors shall report adverse information coming to their attention concerning any of their cleared employees. Reports based on rumor or innuendo should not be made. The subsequent termination of employment of an employee does not obviate the requirement to submit this report. If the individual is employed on a Federal installation, the contractor shall furnish a copy of the report and its final disposition to the commander or head of the installation.
>
> NOTE: In two court cases, Becker vs. Philco and Taglia vs. Philco (389 U.S. 979), the U.S. Court of Appeals for the 4th Circuit decided on February 6, 1967, that a contractor is not liable for defamation of an employee because of reports made to the Government under the requirements of this Manual and its previous versions.

**Figure 1 - Excerpt from NISPOM § 1-302**

23 (Fairfax Cir. 2004) (Ney, J.) (applying *Becker* and NISPOM § 1-302 to sustain Demurrer in part, holding that "Bridge Tech cannot be held answerable for the alleged falsity and defamation contained in its report to the NSA made pursuant to federal regulations."). It is also in accord with the Fourth Circuit's application of absolute immunity for statements made by government contractors in security investigations. *See, e.g.*, *Mangold v. Analytic Servs., Inc.*, 77 F.3d 1442, 1444 (4th Cir. 1996) ("Therefore we apply such immunity only insofar as necessary to shield statements and information, whether truthful or not, given by a government contractor and its employees in response to queries by government investigators engaged in an official investigation." (emphasis in original omitted)). Thus, the *Becker* decision is controlling authority for this Court and demonstrates that the Defendants have a colorable federal defense of absolute immunity for their report to DoD.

        d.   **This Court has Ancillary and Federal Question Jurisdiction over the Counterclaim.**

The remaining arguments in Plaintiff's Memo. in Support appear to be two-fold: 1) The Defendants do not truly believe that the Plaintiff infected their computer network with the CryptoWall 2.0 virus, and 2) that this Court does not have jurisdiction over the Counterclaim. *See* Memo. in Support, at 4-7. Plaintiff is incorrect on both arguments.

The first argument should be quickly discarded by the Court because it raises factual disputes that cannot be resolved at this point. To the extent the Court treats this argument as a Motion to Dismiss, the Court must take all properly-pleaded factual allegations in the Counterclaim as true.

The second argument also misses the mark. Because the Court has jurisdiction over the Plaintiff's case under § 1442(a)(1), the Court also has ancillary jurisdiction over the entire controversy (including Defendant Alliance Consulting's Counterclaim). "When an action is

properly removed pursuant to section 1442(a)(1), a federal court can exercise ancillary jurisdiction over the entire controversy." *State of N.J. Dept. of Envtl. Protection v. Gloucester Envtl. Mgmt. Servs., Inc.*, 719 F.Supp. 325, 334 (D. N. J. 1989) (*citing* 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3727, at 462 (2d ed. 1985)). *See also Ewell v. Petro Processors of La., Inc.*, 655 F.Supp. 933, 936 (M.D. La. 1987) ("Section 1442(a)(1) authorizes removal of the entire case even though only one of its controversies might involve a federal officer or agency. Thus § 1442(a)(1) creates a species of ancillary jurisdiction over the nonfederal elements of the case.").

Additionally, this Court has federal question jurisdiction over Count II of the Counterclaim, which alleges a cause of action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq. See* Alliance Consulting's Counterclaims for Damages, ¶¶ 48-53. Therefore, this Court has jurisdiction over all parts of the present case at bar.

### III.   Conclusion

Defendants properly removed this case pursuant to 28 U.S.C. § 1442(a)(1), which is an exception to the general "well-plead complaint rule." As required by DoD regulations, and as directed by Defense Security Service personnel, Defendants submitted an Adverse Information Report to DoD regarding Plaintiff. Because all counts of the Plaintiff's Complaint are based upon that protected activity, this Court has jurisdiction over this case, and Defendants are entitled to absolute immunity regarding the report made to DoD. Therefore, the Plaintiff's Motion to Remand should be denied.

                                            Respectfully submitted,

                                            KENNETH NASSIF and
ALLIANCE CONSULTING GROUP
INTERNATIONAL, LLC
By Counsel

 /s/   Daniel D. Mauler
James S. Kurz (VSB No. 16610)
Daniel D. Mauler (VSB No. 73190)
**Redmon Peyton & Braswell LLP**
510 King Street, Suite 301
Alexandria, VA 22314
Ph: (703) 684-2000
FAX: (703) 684-1509
JKurz@RPB-law.com
dmauler@rpb-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 4th day of December, 2015, a copy of the foregoing was filed and served via the CM/ECF system, which will serve a Notice of Electronic filing upon all counsel of record, including the following:

                        Dennis Dean Kirk
                        Joseph Edward Schmitz
                        Schmitz & Socarras LLP
                        6315 Anneliese Dr.
                        Falls Church, VA 22044
                        *Counsel for Plaintiff*

                                            /s/   Daniel D. Mauler
                                          Daniel D. Mauler (VSB No. 73190)
                                          **Redmon Peyton & Braswell LLP**
                                          510 King Street, Suite 301
                                          Alexandria, VA 22314
                                          Ph: (703) 684-2000
                                          Fax: (703) 684-1509
                                          dmauler@rpb-law.com